UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Michael Jerome Harvey, | Case No. 24-cv-1173 (PJS/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| U.S. Bank, National Association et al., | |
| Defendants | |

---

This matter is before the Court on Mr. Harvey's self-styled "Demand Defendants to Compel Discovery & Respond to Interrogatories, Estoppel on Sherrif's Sale Failure to Respond, Adverse Claim" ("Discovery Motion") (ECF No. 7). In his Discovery Motion, Mr. Harvey seeks to compel production of various documents and compel responses to interrogatories. The motion, however, is premature. Under Fed. R. Civ. P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…." The Court has not yet directed the parties to hold a Rule 26(f) conference, nor have the parties asked the Court to set a deadline for or to hold a Rule 26(f) conference. Indeed, there is no evidence in the docket that any Defendant, to date, has been properly served under Fed. R. Civ. P. 4. The Court accordingly **DENIES** Mr. Harvey's Discovery Motion (ECF No. [7]) **WITHOUT PREJUDICE**.

The Court further notes that Mr. Harvey must file proof of service for each Defendant before this action can proceed. He must serve a copy of the summons and complaint as required by Fed. R. Civ. P. 4(i) for Defendant Ginnie Mae, and as required by Fed. R. Civ. P. 4(h) for the other Defendants. Mr. Harvey must complete service on all Defendants within 90 days of April 5, 2024, the date when Ginnie Mae removed this action to this Court, or by **July 8, 2024**. *See* Fed. R. Civ. P. 4(m); *see also, e.g.*, *Lauritsen v. State Farm Mut. Auto. Ins. Co.*, 4:22-cv-1073 (JMB),

1

2022 WL 17819559, at *1 (E.D. Mo. Dec. 20, 2022) ("In a removed case, the 90-day time for service is measured from the date of removal, not the date of filing of the state law case.") (citing *Taylor v. Clark Equip. Co.*, 2022 WL 1640372, at *6 (E.D. Mo. May 24, 2022)). If Mr. Harvey fails to properly serve any Defendant by July 8, 2024, the Court may dismiss that Defendant from this matter without prejudice. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

The Court recognizes that Mr. Harvey is a pro se litigant who might have difficulty understanding the applicable rules. The Court refers Mr. Harvey to the District Court's Pro Se Civil Guidebook, https://www.mnd.uscourts.gov/sites/mnd/files/Pro-Se-Civil-Guidebook.pdf, and its resource page for pro se litigants, https://www.mnd.uscourts.gov/representing-yourself, for information.

**SO ORDERED**.

Dated: May 8, 2024

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge