## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Jerome Harvey, | Case No. 24-cv-1173 (PJS/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION AND ORDER** |
| U.S. Bank, National Association, et al., | |
| Defendants. | |

Plaintiff Michael Jerome Harvey seeks a court order preventing foreclosure on a residence he purchased in February 2022 in Brooklyn Center, Minnesota. (ECF No. 1-1 at 1.) This matter is before the Court on the motions to dismiss brought by Defendants U.S. Bank, National Association ("U.S. Bank") (ECF No. 21) and Ginnie Mae ("Ginnie Mae") (ECF No. 29). U.S. Bank and Ginnie Mae seek dismissal of Mr. Harvey's claims against them on different grounds. For the reason given below, the Court recommends granting both motions. The Court further addresses Mr. Harvey's self-styled "Motion to Vacate, Fraud on the Court, Default Judgement, Writ of Judicial Misconduct" ("Motion to Vacate") (ECF No. 42), which requests declaratory relief, a judgment of default, and non-dispositive relief. The Court recommends Mr. Harvey's requests for declaratory relief and a default judgment be denied and denies remainder of that motion in its entirety.

## I.    Background

The Complaint is difficult to follow, but this action appears to arise from a mortgage Mr. Harvey signed on February 11, 2022 with Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender, TruStone Financial Credit Union ("TruStone") ("Mortgage")

(ECF Nos. 1-1 at 12; 24 at 20-30[1]), to purchase the Brooklyn Center property.  In connection with that transaction, Mr. Harvey obtained a $309,294.00 dollar loan to be repaid via monthly installments until March 1, 2052, and simultaneously conveyed a security interest in the property to MERS.  (ECF No. 24 at 23-24.)  Mr. Harvey alleges that, a month later, and without notice, the Mortgage was transferred to U.S. Bank.  (ECF No. 1-1 at 1.)

On March 2, 2024, the Hennepin County's Sheriff's Office served Mr. Harvey with a Notice of Mortgage Foreclosure Sale ("Notice") stating that U.S. Bank was foreclosing on the property, that Mr. Harvey owed $314,653.76, including taxes paid, and that the foreclosure sale was scheduled to take place April 23, 2024.  (ECF No. 24 at 44–46.)[2]  According to the Notice, if the Mortgage is not reinstated or the property is not redeemed, Mr. Harvey must vacate the residence by October 23, 2024.

Mr. Harvey's Complaint appears to proceed along two theories.  First, he alleges that when he signed the Mortgage, he also signed a promissory note to TruStone ("Promissory Note"), "actual investor GINNIE MAE".  (ECF No. 1-1 at 1.)  Copies of the alleged February 11, 2022 Note attached to the Complaint have different signature dates from Mr. Harvey and are not signed by TruStone.  (*See* ECF No. 1-1 at 1; ECF No. 1-1 at 12-13, "Note", signed January 17, 2024; ECF No. 1-1 at 41-42, "Note", signed February 17, 2024.)  According to Mr. Harvey, while the

---

[1] Though the Mortgage (ECF No. 24 at 20-30) is not itself contained in the attachments to the Complaint, it is necessarily embraced by the Complaint (*see* ECF No. 1-1 at 1), and the Court may consider it in connection with the motions to dismiss for that reason.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (holding that a court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6)).

[2] The Court finds this document is necessarily embraced by the Complaint because the Complaint seeks an order to "cease and desist all foreclosure actions and sheriff sale" (ECF No. 1-1 at 1), the fact of the foreclosure sale is not in dispute, and this document evidences the foreclosure sale he sought to enjoin.

Mortgage was assigned to U.S. Bank, the Promissory Note was transferred to Ginnie Mae, securitized through a mortgage-backed security ("MBS") trust, and sold on the secondary market. (*See* ECF No. 1-1 at 1.)  Mr. Harvey contends that, because the Promissory Note "is lost or destroyed, sold on the secondary market, separated from the Deed and the Mortgage," U.S. Bank is not the "Holder in Due Course, and does not have the rights to Foreclosure."  (*Id.*)

Second, Mr. Harvey contends he has already repaid the loan.  On January 17, 2024, Mr. Harvey executed a document entitled "International Bill of Exchange" with "Registered Security Number 657-491-630" paid to the Order of Ginnie Mae in the amount of $320,000.00.  (*Id.* at 11.) Mr. Harvey appears to allege he tendered this document to U.S. Bank and Ginnie Mae through Defendant Bank of New York Mellon Transferring Agent ("Mellon") as its "Transferring Agent" and Defendant Citibank, National Association (Trustee) ("Citibank") as its "Indentured Trustee" to satisfy his debt arising from the Mortgage.  (*See id.* at 1, 9.)

Based on these two general theories: (1) that the alleged Promissory Note was improperly separated from the Mortgage; and (2) that he satisfied his obligations under the Mortgage by tendering the "International Bill of Exchange" to Ginnie Mae, Mr. Harvey argues U.S. Bank does not have the right to foreclosure.  He seeks the following relief:

1. Cease and desist ALL foreclosure actions and sheriff sale, and use Registered Securities tendered for setoff and satisfaction of the account, recouping the securities of the transfer, selling, and trading of the promissory note, performance of the note on the secondary market, voids default.

2. Accept and apply all Registered Securities, and use security instrument as the charging instrument for setoff and satisfaction of the account, and release all remedies and credits to Mr. Harvey immediately.

3. NOTICE OF DISHONOR, release all credits and remedies to Michael Jerome Harvey, through presentment of the registered security to Treasury Window, or extend an opportunity to cure presentment and perfect charging instrument for setoff and satisfaction of the account.

(*Id.* at 1.)

## II.    Procedural History

Mr. Harvey initiated this action in Hennepin County District Court on March 1, 2024.  (*Id.*)
Ginnie Mae received a copy of the Complaint via U.S. Mail on March 8, 2024 and removed this
action to federal court on April 5, 2024.  (ECF No. 1 at 1.)  But as of that date, Ginnie Mae
represented that it had not yet been properly served.  (*Id.*)  On April 8, 2024, Ginnie Mae sent Mr.
Harvey a letter stating that he had not properly served Ginnie Mae pursuant to Rule 4(i) of the
Federal Rules of Civil Procedure and explaining that his claims against Ginnie Mae could not
proceed until he fully complied with that Rule's requirements.  (ECF No. 3-1.)

On April 9, 2024, Ginnie Mae requested an extension of time to answer or otherwise
respond to the Complaint, arguing that it still had not been properly served pursuant to Rule 4(i).
(ECF No. 3.)  The Court granted Ginnie Mae's request and extended its deadline to answer or
otherwise respond to the Complaint to June 10, 2024.  (ECF No. 6.)  On May 3, 2024, Mr. Harvey
filed a motion to compel discovery, which the Court denied on May 8, 2024.  (ECF Nos. 7, 14.)
In doing so, the Court noted that, as of that date, there was no evidence in the docket that any
Defendant had been properly served under Rule 4.  (ECF No. 14 at 1.)  The Court further warned
Mr. Harvey that, under Rule 4(m), he must serve each Defendant consistent with Rule 4 on or
before July 8, 2024, failing which his claims against them might be dismissed without prejudice.
(*Id.* at 1–2, directing Mr. Harvey to serve Ginnie May pursuant to the requirements under Rule 4(i)
and serve the other Defendants pursuant to the requirements under Rule 4(h).)

On May 20, 2024, Ginnie Mae filed a second request for an extension of time to answer or
otherwise respond to the Complaint, stating that as of that date Mr. Harvey still had not properly
served Ginnie Mae.  (ECF No. 15 at 2.)  The Court granted the request and gave Ginnie Mae until

July 29, 2024 to answer or otherwise respond to the Complaint.  (ECF No. 18.)  On July 3, 2024, Mr. Harvey filed affidavits of service reflecting that he sent Summonses and a copy of the Complaint by certified mail to the United States Attorney General, U.S. Bank, Citibank and Mellon.  U.S. Bank filed its Motion to Dismiss on July 17, 2024 (ECF No. 21), and Ginnie Mae filed its Motion to Dismiss on July 29, 2024.  (ECF No. 29.)

Defendants Citibank and Mellon have not answered the Complaint or otherwise responded or appeared.  On August 2, 2024, the Court filed an Order explaining that Mr. Harvey's attempt to serve them by certified mail was improper under Rule 4 and providing Mr. Harvey an extension of time to properly serve them until September 3, 2024.  (*See* ECF No. 36, amended by Order dated August 23, 2024 (ECF No. 44) clarifying the applicable service Rules.)  To date, Mr. Harvey has filed neither proof of personal service on Citibank and Mellon nor waivers of service from either Defendant.  (*See* Docket.)

On August 21, 2024, Mr. Harvey filed his self-styled Motion to Vacate.  (ECF No. 42.) This motion appears to seek four forms of relief: (1) a declaration that the Mortgage Assignment document reflecting MERS's assignment of the Mortgage to U.S. Bank (ECF No. 24 at 33) is fraudulent; (2) a default judgment; (3) an order vacating the Court's August 2, 2024 Order directing Mr. Harvey to properly serve Citibank and Mellon; and (4) an order recusing the undersigned from this action in light of the August 2, 2024 Order on grounds of judicial bias.  (*See* ECF No. 42.)

### III.   Legal Standards

U.S. Bank and Ginnie Mae both move to dismiss Mr. Harvey's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In deciding a motion to dismiss under Rule 12(b)(6), a court must assume all facts alleged in the complaint to be true and construe all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793

F.2d 185, 187 (8th Cir. 1986).  In doing so, a court need not accept as true conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

In this case, because Mr. Harvey is a pro se litigant, the Court must construe his Complaint liberally.  *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Holt v. Caspari*, 961 F.2d 1370, 1372 (8th Cir. 1992) ("Pro se complaints must be liberally construed….").  But although the Complaint should be construed liberally, it still must allege enough facts to support the claims advanced.  *See, e.g.*, *Sandknop v. Mo. Dep't of Corr.*, 932 F.3d 739, 741–42 (8th Cir. 2019) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

U.S. Bank further seeks dismissal under Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) states that a complaint must include "a short plain statement of the claim showing the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2).  Though Rule 8(a)(2) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation omitted).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555.  Rule 9(b) establishes that when a complaint alleges any kind of fraud or mistake the circumstances constituting fraud or mistake must be alleged with particularity.  Fed. R. Civ. P. 9(b).  This heightened pleading standard requires the complaint to set forth the "who, what, when, where, and how" of the alleged fraud. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549–50 (8th Cir. 1997).

6

Ginnie Mae argues Mr. Harvey's claims should be dismissed under Rule 12(b)(5) of the Federal Rules of Civil Procedure, which allows dismissal for insufficient service of process. "The standard of review for a 12(b)(5) motion to dismiss is the same as that used for a 12(b)(2) motion to dismiss for lack of personal jurisdiction." *Disability Support All. v. Billman*, 15-cv-3649 (JRT/SER), 2016 WL 755620, at *2 (D. Minn. Feb. 25, 2016) (citing *Kammona v. Onteco Corp.*, 587 F. App'x 575, 577–78 (11th Cir. 2014), *cert. denied*, 575 U.S. 1010 (2015)). "[T]o survive a motion to dismiss for insufficient service, 'a plaintiff must plead sufficient facts to support a reasonable inference that the defendant' has been properly served." *Id.* (quoting *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015)). It is thus the plaintiff's burden to provide prima facie evidence establishing that service was proper. *Larson v. SoundSkins Glob.*, 18-cv-3190 (WMW/LIB), 2019 WL 3842588, at *1 (D. Minn. Aug. 15, 2019) (citing *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995)). Because a court must consider materials outside the pleadings to determine whether a plaintiff has satisfied this burden, considering such materials does not convert the motion into one for summary judgment. *See Devin v. Schwan's Home Servs., Inc.*, 04-cv-4555, 2005 WL 1323919, at *2 (D. Minn. May 20, 2005) (citing 5B Charles Alan Wright et al., Federal Practice and Procedure § 1353 (3d ed. 2004)). "At the motion stage, the action should not be dismissed … if the evidence, viewed in the light most favorable to [the plaintiff], is sufficient to support a conclusion that … [service] is proper." *Creative Calling Sols., Inc.*, 799 F.3d at 979.

## IV.    Analysis

### A.    Ginnie Mae's Motion to Dismiss

Defendant Ginnie Mae seeks to dismiss Mr. Harvey's claims against it on three grounds: (1) Mr. Harvey failed to properly serve Ginnie Mae within the 90-day time limit for service under

Rule 4(m); (2) sovereign immunity bars Mr. Harvey's claims against Ginnie Mae; and (3) Mr. Harvey fails to state a claim for relief against Ginnie Mae. (*See* ECF No. 30.)  The Court concludes that Mr. Harvey has not properly served Ginnie Mae and that sovereign immunity bars these claims.  Because federal jurisdiction to consider these claims is lacking, the Court recommends dismissal without prejudice.

### 1.    Insufficient Service of Process

Defendant Ginnie Mae is wholly-owned by the United States (a "U.S. Corporation") within the Department of Housing and Urban Development.  12 U.S.C. § 1717(a)(2)(A).  Because Ginnie Mae is a U.S. Corporation, Rule 4(i) establishes the requirements for serving it.  *See, e.g.*, *Rabbe v. Gov't Nat'l Mortage Ass'n*, 8:18-cv-561, 2019 WL 1517062, at *1 (D. Neb. Apr. 8, 2019).  Under Rule 4(i), a party must serve both the United States and the U.S. Corporation.  *See* Fed. R. Civ. P. 4(i)(1), (2).  To serve the United States, a party must do two things: (1) serve a copy of the summons and complaint on the United States Attorney for the district where the action is brought, either by delivery or registered or certified mail to the Office of the United States Attorney; **and** (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington D.C.  Fed. R. Civ. P. 4(i)(1).  Rule 4(i)(4)(A) mandates that courts must "allow a party a reasonable time to cure its failure to serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States."

Mr. Harvey has not filed proof of compliance with all the requirements of Rule 4(i).  Ginnie Mae wrote Mr. Harvey a letter as early as April 8, 2024 explaining the requirements for service under Rule 4(i).  (*See* ECF No. 3-1, informing Mr. Harvey that he must not only serve Ginnie Mae, but also the Attorney General and the United States Attorney.)  The Court further underscored Mr.

Harvey's obligation to comply with Rule 4(i) in an Order on May 8, 2024, noting that Mr. Harvey had not filed appropriate proofs of service. (ECF No. 14.) There appears to be no dispute that he served the corporation (*see* ECF No. 1-2), and Mr. Harvey has now filed proof of service by certified mail on the Attorney General (*see* ECF No. 19 at 3). But the docket reflects no attempt to serve the United States Attorney for the District of Minnesota. (*See* Docket.)

Furthermore, Rule 4(m) required Mr. Harvey to properly serve Ginnie Mae within 90 days of Ginnie Mae removing this action to federal court, or by July 8, 2024. Fed. R. Civ. P. 4(m); *see also Lauritsen v. State Farm Mut. Auto. Ins. Co.*, 4:22-cv-1073 (JMB), 2022 WL 17819559, at *1 (E.D. Mo. Dec. 20, 2022) ("In a removed case, the 90-day time for service is measured from the date of removal, not the date of filing of the state law case.") (citing *Taylor v. Clark Equip. Co.*, 2022 WL 1640372, at *6 (E.D. Mo. May 24, 2022)). It is now more than two months past that deadline and Mr. Harvey has not properly served Ginnie Mae. Mr. Harvey has had clear notice of the service requirements for close to five months and has not complied with them, despite the Court's warning that he must do so (*see* ECF No. 14). And approximately two months have passed since Ginnie Mae filed its motion to dismiss his Complaint on the specific ground that Mr. Harvey has not yet served the United States Attorney (*see* ECF No. 30 at 8). The Court finds Mr. Harvey has had more than a reasonable amount of time to cure his deficient service on Ginnie Mae and has failed to do so. The Court accordingly recommends dismissing Mr. Harvey's claims against Ginnie Mae pursuant to Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure.

### 2.      Sovereign Immunity

Ginnie Mae further argues sovereign immunity bars Mr. Harvey's claims. Ginnie Mae specifically contends that, because Mr. Harvey seeks only declaratory and injunctive relief, it is immune from suit under the Eleventh Amendment.

The Court agrees with Ginnie Mae that the Complaint asserts only claims for equitable relief. Though the Complaint lacks clarity, Mr. Harvey seeks an order requiring the Defendants to cease and desist all foreclosure actions against the Brooklyn Center property and to accept his "registered security"—presumably the purported International Bill of Exchange—as payment in satisfaction of his loan. (ECF No. 1-1 at 1.) These are claims for injunctive relief. Mr. Harvey also seeks a "NOTICE OF DISHONOR." (*Id.*) Read liberally, this is a demand for a declaratory judgment. The Complaint does not seek monetary damages of any kind.

The Court also agrees sovereign immunity bars claims for equitable relief against Ginnie Mae. All the "benefits and burdens" of Ginnie Mae's operations "inure solely to the Secretary of the Treasury," 12 U.S.C. § 1722, and all its powers and duties are "vested in the Secretary of Housing and Urban Development and … administered under the direction of the Secretary," 12 U.S.C. § 1723(a). Ginnie Mae is thus a federal agency for all intents and purposes. *See, e.g.*, *Thomas v. DHI Home Mortg. Co.*, 3:22-cv-1236-B-BK, 2023 WL 2355913, at *4 (N.D. Tex. Feb. 8, 2023) (so stating), *report and recommendation adopted*, 2023 WL 2355932 (N.D. Tex. Mar. 3, 2023); *Sanchez v. Homestead Funding Corp.*, 3:13-cv-01850 (MPS), 2014 WL 4145546, at *2 (D. Conn. Aug. 19, 2014) (same). Absent an explicit congressional waiver, sovereign immunity shields the federal government and its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

Congress has expressly maintained that Ginnie Mae is immune from suit for injunctive relief and "other similar process[es]". 12 U.S.C. § 1723a(a) (stating that Ginnie Mae has the power "to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal, but no attachment, injunction, or other similar process, mesne or final, shall be issued against the property of the Association or against the Association with respect to its property").

Ginnie Mae is thus immune from suit for the only relief Mr. Harvey is seeking in this action. *See,*
*e.g.*, *Thomas*, 2023 WL 2355913, at *4 (N.D. Tex. Feb. 8, 2023) (finding Ginnie Mae immune
from suit for injunctive relief); *Yost v. Nationstar Mortg., LLC*, No. 1:13-cv-00745 (AWI), 2013
WL 4828590, at *3 (E.D. Cal. Sept. 9, 2013) (same). The Court therefore concludes that it lacks
jurisdiction to consider Mr. Harvey's claims against Ginnie Mae and recommends these claims be
dismissed without prejudice.[3]

### B.     U.S. Bank's Motion to Dismiss

U.S. Bank asserts two grounds for dismissal: (1) the Complaint fails to state a claim on
which relief may be granted under Rule 12(b)(6); and (2) the Complaint should be dismissed as a
"shotgun" pleading inconsistent with Rules 8 and 9(b). (*See* ECF No. 23.)

### 1.     International Bill of Exchange Theory

Mr. Harvey asserts he has resolved the debt owed on the Mortgage via his purported
"International Bill of Exchange" in what other courts have dubbed a "vapor money" theory. *See,*
*e.g.*, *Knapp v. Compass Minnesota, LLC*, No. 24-cv-100 (SRN-DTS), 2024 WL 2832502, at *7
n.4 (D. Minn. June 4, 2024) ("The essence of the 'vapor money' theory is that promissory notes
(and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their
signatures.") (quoting *McLaughlin v. CitiMortgage, Inc.*, 726 F.Supp.2d 201, 212 (D. Conn.
2010)). The "International Bill of Exchange concept … has been at issue in various District Courts
across the United States." *Sanders v. MTC Fin. Inc.*, No. 22-cv-66 (TUC/SHR), 2022 WL
2665952, at *4 (D. Ariz. July 11, 2022), *appeal dismissed*, 2022 WL 18358078 (9th Cir. Nov. 9,
2022). Courts have characterized plaintiffs asserting this theory as proffering a device that

---

[3] Having found jurisdiction is lacking, the Court does not address Ginnie Mae's argument
that it should be dismissed under Rule 12(b)(6) for failure to state a claim.

purportedly directs the Secretary of Treasury to withdraw federal funds to pay off obligations to a lender. *Santarose v. Aurora Bank FSB*, 2010 WL 2232819, at *4 (S.D. Tex. 2010); *see also Knapp*, 2024 WL 2832502, at *7 n.4 (explaining argument that bill of exchange allowed access to funds in the Treasury Direct Account).  This theory is a fabrication wholly lacking in merit.  Courts in the District of Minnesota and elsewhere have repeatedly rejected arguments identical to Mr. Harvey's, claiming that a "Bill of Exchange" tendered satisfies debt owed on a mortgage. *Connell v. Wells Fargo Bank, N.A.*, 10-cv-3133 (MJD/FLN), 2011 WL 4359979, at *2 (D. Minn. Sept. 19, 2011); *see also, e.g.*, *Knapp*, 2024 WL 2832502, at *7 n.4 ("[C]ourts across the country have consistently rejected the … 'vapor money' theor[y] as frivolous and nonsensical") (collecting cases).  The "International Bill of Exchange" Mr. Harvey proffers, like those addressed in these other cases, is "itself an unintelligible document that does not state any facts that would support its acceptance as a valid negotiable instrument." *Connell v. Wells Fargo Bank, N.A.*, 10-cv-3133 (MJD/FLN), 2011 WL 4359979, at *2 (D. Minn. Sept. 19, 2011).  This Court joins the long line of precedents rejecting claims like Mr. Harvey's and concludes that he fails to state a claim for relief under this theory.

### 2.      Promissory Note Theory

Mr. Harvey's second argument is that U.S. Bank lacks authority to foreclose on the Mortgage.  He argues that, because the Promissory Note he provided to TruStone "is lost or destroyed, sold on the secondary market, separated from the Deed and the Mortgage," U.S. Bank is not the "Holder in Due Course, and does not have the rights to Foreclosure."  (ECF No. 1-1 at 1.)  This theory similarly lacks merit.

"In every mortgage transaction, the borrower signs both a note (in which she promises to repay the loan) and a mortgage (in which she pledges her home as security for her promise to repay

the loan)." *Welk v. GMAC Mortg.*, LLC, 850 F. Supp. 2d 976, 980 (D. Minn. 2012). Though historically the lender held both the note and the mortgage, since the "1990s, … it has become common for the note and the mortgage to be held by different entities." *Id.* "Often, the note is held by the lender (or by someone who bought the note from the lender), while the mortgage is held by (and recorded in the name of) a nominal mortgagee …." *Id.* "This system allows loans secured by mortgages to be sold and resold multiple times without the necessity of recording each sale on the title of the mortgaged property."

Mr. Harvey's theory—that assignment of the Mortgage and the Promissory Note to different entities prevents foreclosure—is often called a "show-me-the-note" claim. *Id.* Plaintiffs asserting such claims generally argue that "because the entity that holds [the] mortgage … is not the same as the entity that holds [the] note …, the mortgage on [the] home or the foreclosure of that mortgage is invalid." *Id.* This argument is frivolous under Minnesota law, and indeed, "has been rejected by the Minnesota Supreme Court, by the United States Court of Appeals for the Eighth Circuit, and by every federal judge sitting in Minnesota who has addressed the argument." *Id.*; *see also Jackson v. Mortgage Electronic Registration Systems, Inc.*, 770 N.W.2d 487, 500 (Minn. 2009); *Stein v. Chase Home Finance*, LLC, 662 F.3d 976, 980 (8th Cir. 2011). Mr. Harvey's "show me the note" claim fails under these precedents. Because he fails to state a non-frivolous claim for relief against U.S. Bank, the Court recommends dismissing U.S. Bank from this action with prejudice under Rule 12(b)(6).[4]

---

[4] Having recommended dismissal under Rule 12(b)(6), the Court need not address U.S. Bank's argument that the Complaint fails to satisfy Rules 8 and 9(b).

### C.    Motion to Vacate

#### 1.    Declaratory Relief

Mr. Harvey's Motion to Vacate seeks an order declaring that the document assigning the Mortgage to U.S. Bank (ECF No. 24 at 33) is fraudulent.  (ECF No. 42 at 4-6.)  Mr. Harvey's argument that the assignment is fraudulent is a regurgitation of his "show-me-the-note" theory. (*See* ECF No. 42 at 5, arguing the Assignment of Mortgage is fraudulent because it "does NOT have GINNIE MAE listed, confirming a bifurcation of the negotiable instrument and the security instrument (mortgage note)".)  The Court rejects that theory for the above-stated reasons and accordingly recommends Mr. Harvey's request for a declaration that the Assignment of Mortgage is fraudulent be denied.

#### 2.    Motion for Default Judgment

Mr. Harvey's Motion to Vacate further asserts a "DEMAND TO ENFORCE DEFAULT JUDGEMENT" pursuant to Rule 55 of the Federal Rules of Civil Procedure.  (ECF NO. 42 at 3-4.)  His one-sentence demand does not identify the Defendant or Defendants against whom he seeks a default judgment or assert a basis for default against any named Defendant.  To the extent he seeks a judgment of default against Defendants Ginnie Mae or U.S. Bank, his motion lacks merit because both Defendants timely appeared and filed motions to dismiss his Complaint.  *See* Fed. R. Civ. P. 55 (allowing default only if a party fails "to plead or otherwise defend" against the claims asserted).  To the extent Mr. Harvey seeks a judgment of default against Defendants Citibank or Mellon, his motion should be denied because he has not established proof of proper service on either Defendant, and he further failed to comply with the Court's Order requiring him

to do so.  (*See* ECF No. 44.)  The Court recommends Mr. Harvey's request for a default judgment be denied on these grounds.

### 3.    Service of Process on Citibank and Mellon

Mr. Harvey's Motion to Vacate also challenges the Court's Order requiring him to file proof of proper service on Defendants Citibank and Mellon (ECF No. 36, amended by ECF No. 44).  (*See* ECF No. 42 at 2-3.)   He demands that the Court vacate the Order on the ground that he has successfully served **other** documents on Defendants Citibank and Mellon by certified mail, thus proving that the addresses to which he previously sent the Summons and Complaint by certified mail are valid.  Mr. Harvey's argument misses the point entirely.  It does not matter whether he mailed the Summonses and Complaint to valid addresses.  As the Court has explained, his attempted service on Citibank and Mellon by certified mail was ineffective under Rule 4 because they are private corporations, which cannot be served by certified mail.  *See* Fed. R. Civ. P. 4(h) (requiring personal delivery if a defendant has not waived service).  Mr. Harvey has produced no proof of personal service on either Citibank or Mellon and has filed no executed waivers of service from these Defendants.  The Court therefore declines to vacate the Order.

### 4.    Demand for Recusal

Finally, Mr. Harvey's Motion to Vacate argues the undersigned Magistrate Judge must recuse from this action because the above-referenced Order requiring him to file proof of personal service on Defendants Citibank and Mellon (ECF No. 36, amended by ECF No. 44), reflects judicial bias.  (*See* ECF No. 42 at 6-9.)  As grounds for his demand, Mr. Harvey points out that U.S. Bank, which is also a private corporation, has appeared and responded to the Complaint even though he also served U.S. Bank by certified mail.  (*Id*. at 7.)  But U.S. Bank's strategic decision not to contest the improper service, and to instead seek dismissal on the merits, does not somehow

change the applicable Rules and make service by mail on Citibank and Mellon effective.  The Court's Order—which gave Mr. Harvey guidance on how to properly serve these Defendants and an extended period of time to do so—is a reflection of the Court's lenience in light of Mr. Harvey's pro se status; not bias.

Moreover, "[a] party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipeline Co.*, 323 F.3d 661, 664 (8th Cir. 2003). An adverse ruling does not constitute sufficient grounds for disqualification. *Id*. at 665.  Mr. Harvey plainly disagrees with the Court's ruling, but he has not carried the heavy burden of establishing bias or partiality.  The Court therefore denies his request for recusal.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Mr. Harvey's Motion to Vacate, Fraud on the Court, Default Judgement, Writ of Judicial Misconduct (ECF No. 42) is **DENIED IN PART** as follows:

1.   Mr. Harvey's request to vacate the Order directing him to serve Defendants Citibank and Mellon is **DENIED**; and

2.   Mr. Harvey's request for recusal is **DENIED**.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.   Defendant U.S. Bank National Association's Motion to Dismiss (ECF No. 21) be **GRANTED** and all claims against Defendant U.S. Bank National Association be **DISMISSED WITH PREJUDICE**;

16

2.      Defendant Ginnie Mae's Motion to Dismiss (ECF No. 29) be **GRANTED** and all claims against Defendant Ginnie Mae be **DISMISSED WITHOUT PREJUDICE**; and

3.      Mr. Harvey's Motion to Vacate, Fraud on the Court, Default Judgement, Writ of Judicial Misconduct (ECF No. 42) be **DENIED IN PART** as follows:

    a.   Mr. Harvey's request for an Order declaring that the Assignment of Mortgage is fraudulent be **DENIED**; and

    b.   Mr. Harvey's request for a default judgment be **DENIED**.


Dated: September 30, 2024                          *s/ Dulce J. Foster*
                                          Dulce J. Foster
                                          United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).